CALDWELL, APPELLANT, *v.* RANCO, INC.
ET AL., APPELLEES.

(No. 81AP-848—Decided September 21,
1982.)

*Messrs. Bell, White & Ross* and *Ms.
Doris M. Clanton,* for appellant.

*Mr. William J. Brown,* attorney
general, and *Mr. Marquette D. Evans,* for
appellees Bureau of Employment Ser-
vices and Bd. of Review.

MOYER, J. This matter is before us on
the appeal of appellant, Gloria A.
Caldwell, from a final judgment of the
Court of Common Pleas of Franklin
County, which affirmed an order of the
Board of Review of the Ohio Bureau of
Employment Services denying appellant's
application for Trade Readjustment Act
("TRA") benefits.

Appellant was employed by Ranco In-
dustries until July 30, 1979, when she ob-
tained a medical leave of absence. When
she attempted to end her leave of absence
on November 14, 1979, she was informed
by Ranco that her former job was not
available. She chose not to "bump"
another worker, pursuant to her union's
collective bargaining agreement with
Ranco, and, instead, to apply for
unemployment benefits.

Appellant raises the following three
assignments of error:

"I. The board's decision of August
8, 1980, is based on findings of fact which
are contrary to appellant's sworn, uncon-
troverted testimony and the decision is
thus unlawful, unreasonable, and against
the manifest weight of the evidence.

"II. The Board of Review erred in
not requiring that appellant be given a
fair hearing, which makes the decision
unlawful, unreasonable, and against the
manifest weight of the evidence.

"III. The trial court erred in affirm-
ing the decision of the Board of Review
that appellant was separated from em-
ployment for lack of work, which decision
was unlawful, unreasonable, and against
the manifest weight of the evidence."

The first and third assignments of er-
ror are interrelated and are considered
together. Under Section 2291, Title 19,
U.S. Code and 29 C.F.R., Section 90.11
(c), a worker who is adversely affected
may receive a trade readjustment allow-
ance to be retrained for other work if, in
the fifty-two weeks immediately preced-
ing total or partial separation from the
employee's job, the employee worked at
least twenty-six weeks at wages of $30 or
more a week in the adversely affected
employment. "Separation" is defined to
include layoff, which means a suspension
from any status for lack of work initiated
by the employer and expected to last more
than seven consecutive days.

Even assuming appellant was sepa-
rated because of lack of work initiated by
Ranco, we conclude from the record that
appellant has not proven that she worked
twenty-six weeks during the year im-
mediately prior to her separation. Ranco
certified that appellant worked for
twenty-one weeks. Appellant submitted

payroll stubs for twenty-five weeks and testified at the hearing before a referee that she knew she had worked twenty-six weeks. Appellant argues that the employer's certification of her work record should not be used to controvert appellant's statements. We do not agree. 29 C.F.R., Section 91.8(c) contemplates that information to verify benefits under the TRA will come from an employer. Furthermore, under R.C. 4141.28(J), the administrator's record, which includes the employer's certification of the number of hours worked by an employee, is part of the record to be considered by the Board of Review. See, also, *Blankenship* v. *Ranco, Inc.* (June 23, 1981), No. 81AP-144, unreported. The first and third assignments of error are overruled.

Appellant argues in support of her second assignment of error that she was not provided a fair hearing because appellant was not represented by counsel and the referee did not ask certain pertinent questions. The hearing was held before a referee on August 6, 1980. The record before us includes a letter dated September 11, 1980, from a paralegal employed by the Legal Aid Society of Columbus, which requested that the letter be treated as a supplement to appellant's application to appeal her claim. The letter is a part of the file that was considered by the Board of Review and presents a clear and succinct legal argument in her behalf. Appellant was represented by the Legal Aid Society at least immediately after the referee's decision and prior to the Board of Review's decision which was rendered October 16, 1980. The Board of Review did not deny appellant a fair hearing, and the second assignment of error is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

McCORMAC and NORRIS, JJ., concur.